FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 22, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANNE MARIE GRECO and IAN DAVID SUTHERLAND,<br><br>    Plaintiffs,<br><br>    v.<br><br>NORTHWELL HEALTH, INC.,<br><br>    Defendant. | No. 2:21-CV-00188-SAB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; CLOSING FILE** |

Before the Court are Plaintiffs' Motion for Summary Judgment, ECF No. 7, and Defendant's Motion to Dismiss Pursuant to FRCP 12 and FRCP 4, ECF No. 9. Plaintiffs are representing themselves in this matter. Defendant is represented by Jennifer Oetter. The Court has determined that oral argument is not necessary. Local Rule 7.1(i)(3)(B)(iii).

Plaintiffs filed this action on June 10, 2021, ECF No. 1. Plaintiffs are Washington residents residing in Danville, Washington. Defendant is a non-profit corporation based in New York state. Defendant is the corporate parent of several hospitals and outpatient facilities in New York. It appears the basis of Plaintiff's claims arise out of medical care provided between June 4-9, 2019 in Huntington, New York.

**ORDER GRANTING DEFENDANT'S MOTON TO DISMISS; CLOSING FILE** ~ 1

1    On January 14, 2022, Plaintiffs filed a Declaration of Service indicating that Defendant was served on December 20, 2021. ECF No. 4. In his Declaration, Mark A. Gloade, Senior Vice President and Deputy General Counsel for Defendant, stated that on December 21, 2021, an individual from ABC Legal Hand delivered a document titled "Summons in Civil Action" to a legal assistant in Defendant's Office of Legal Affairs. ECF No. 10. However, the document was one page, and did not include a copy of the Complaint.

In their Complaint, Plaintiffs make several allegations, but fail to provide the specific factual allegations, including who, what, when, where and how. For instance, the following allegations are presented in Plaintiffs' Complaint: (1) Defendant administered opioids of dosage sufficient for other medical professionals to describe the dosage as "attempted murder;" (2) Defendant failed to provide adequate monitoring of Plaintiff's vitals per standard medical procedure or Defendant's own posted policies; (3) Defendant failed to follow medical advice suggested by Defendant's relevant medical specialists; (4) Defendant refused to update Plaintiff's Do Not Resuscitate Order upon Plaintiff's request; (5) Defendant failed to follow Plaintiff's wishes to speak with medical proxy instead of Plaintiff when Plaintiff felt incapable of informed consent; (6) Defendant made misleading and libelous statements in their medical records and inadequately portrayed Plaintiff's medical condition; (7) Defendant failed to provide medical records in a reasonable and timely fashion upon Plaintiffs' request, providing Plaintiffs with printed copies of several thousand pages of medical records several weeks after the initial request, rather than the digital copies requested, and then proceeded to request cop fees in excess of $2,000; (8) Defendant administered medication known by modern medical knowledge to be inadvisable for Plaintiff's condition; (9) Defendant referenced an employee as an expert despite their statements that Plaintiff's condition does not cause pain, which is a primary part of the diagnostic criteria for Plaintiff's condition; (10) Defendant refused to follow the advise of

**ORDER GRANTING DEFENDANT'S MOTON TO DISMISS; CLOSING FILE ~ 2**

experts in Plaintiff's condition who previously treated Plaintiff; and (11) Defendant handled Plaintiff's medical marijuana despite not being registered as Plaintiff's caretaker.

1. **Plaintiff's Motion for Summary Judgment**

On January 21, 2022, Plaintiffs filed a Motion for Summary Judgment. Plaintiff did not file any accompanying Affidavits or Declarations in support of their Motion.[1]

It appears that the basis for Plaintiffs requesting summary judgment is that because Defendant failed to respond to the Complaint, all facts asserted in their motion are taken as undisputed and as such, Plaintiffs are entitled to their requested remedies. Defendant asserts that a motion for summary judgment is premature, and questions of fact remain whether the Court has personal jurisdiction over Defendant, whether the Complaint was served on time, and whether the service of process was sufficient. Defendant also argues it would be inappropriate to consider the facts settled as discovery has not yet begun.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

---

[1] Fed. R. Civ. P. 56(c)(1)(A) provides: (c) Procedures.
    (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
        (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials.

**ORDER GRANTING DEFENDANT'S MOTON TO DISMISS; CLOSING FILE ~ 3**

If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

Here, the Court declines to view the facts as undisputed as requested by Plaintiffs. At this stage of the proceedings, if Plaintiffs believed Defendant's non-responsiveness entitled them to relief, the proper motion would be a motion for default judgment pursuant to Fed. R. Civ. P. 55, rather than a motion for summary judgment under Fed. R. Civ. P. 56. That said, the Court declines to entertain such a motion for the following reasons. First, there are questions of fact regarding whether the Complaint was properly served. Second, cases should be decided on the merits when reasonably possible and therefore, it is necessary for discovery to commence before entering judgment in favor of any party. Third, Plaintiffs raise serious allegations of medical malpractice and are seeking significant damages. Such claims should be litigated on the merits. For these reasons, the Court denies Plaintiffs' Motion for Summary Judgment.

**2.    Defendant's Motions to Dismiss Pursuant to FRCP 12 and FRCP 4**

Defendant asks the Court to dismiss Plaintiffs' claims with prejudice because the Court does not have personal jurisdiction over it, the Complaint was not timely served, service of process was insufficiently executed, venue is improper with this Court, and Plaintiffs' fail to state a claim upon which relief may be granted. Defendant also asserts that Plaintiffs have failed to join necessary parties.

**ORDER GRANTING DEFENDANT'S MOTON TO DISMISS; CLOSING FILE ~ 4**

**Background Facts**

According to Defendant, it is a domestic not-for-profit corporation based in New York. It is the corporate parent of several hospitals and outpatient facilities in New York state. Defendant itself does not render patient care and has never provided or rendered patient care. It has no facilities in Washington and does no business in Washington.

**Motion Standard**

Rule 12(b)(2) governs the dismissal of an action based on lack of personal jurisdiction. When a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 799 (9th Cir. 2004). In ruling on a 12(b)(2) motion, the Court may, in its discretion, order discovery, hold an evidentiary hearing, or rely only on the written submissions. *Doe v. Unocal Corp.*, 248 F.3d. 915, 922 (9th Cir. 2001). If the motion is based on written materials rather than an evidentiary hearing, "the plaintiff need only make a *prima facie* showing of jurisdictional facts." *Id.* A *prima facie* showing means that the plaintiff has produced admissible evidence, which if believed, is sufficient to establish the existence of personal jurisdiction. *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995).

Although the plaintiff cannot "simply rest on the bare allegations of its complaint and must come forward with facts, by affidavit or otherwise, supporting personal jurisdiction, uncontroverted allegations in the complaint must be taken as true." *Amba Marketing Systems, Inc. v. Jobar International, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977). Conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor. *Id.*

**A. Personal Jurisdiction**

The power of a federal court presiding over a case based on diversity of citizenship to exercise personal jurisdiction over a nonresident defendant turns on

**ORDER GRANTING DEFENDANT'S MOTON TO DISMISS; CLOSING FILE ~ 5**

two independent considerations: whether an applicable state rule or statute potentially confers personal jurisdiction over the defendant, and whether assertion of such jurisdiction accords with constitutional principles of due process. *Data Disc, Inc. v. Sys. Tech. Assoc*, 557 F.2d 1280, 1286 (9th Cir. 1977) (citation omitted). Washington's long-arm statute extends the court's personal jurisdiction to the broadest reach that the United States Constitution permits. *Byron Nelson Co. v. Orchard Management Corp.*, 95 Wash.App. 462, 465 (1999). Because Washington's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analysis under state law and federal due process are the same. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800-01 (9th Cir. 2004).

The Due Process Clause protects a defendant's liberty interest in not being subject to the binding judgments of a forum with which it has established no meaningful contacts, ties, or relations. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985). Thus, for a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least "minimum contacts" with the relevant forum such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Id*. (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). In conducting the inquiry regarding the minimum contacts, the court should focus on the relationship among the defendant, the forum and the litigation. *Walden v. Fiore*, 571 U.S. 277, 284 (2014). For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State. *Id.* This means "the relationship must arise out of contacts that the defendant *himself* creates with the forum State. *Id.* (emphasis in original). Additionally, the focus should be on the defendant's contacts with the forum State itself, not the defendant's contact with a person who reside there. *Id.* Absent consent, a basis for service of a summons on the defendant is a prerequisite to the exercise of personal

**ORDER GRANTING DEFENDANT'S MOTON TO DISMISS; CLOSING FILE ~ 6**

jurisdiction. *BNSF Ry. Co. v. Tyrell*, __ U.S. __, 137 S.Ct. 1549, 1556 (2017).

Depending on the nature of a foreign defendant's contacts with the forum, a federal court may obtain either specific or general jurisdiction over him. *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co*, 284 F.3d 1114, 1123 (9th Cir. 2002).

General jurisdiction exists over a non-resident defendant when there is "continuous and systematic general business contacts that approximate physical presence in the forum state." *Schwarzenegger*, 374 F.3d at 801. General jurisdiction over a corporation is appropriate only when the corporation's contacts with the forum state "are so constant and pervasive as to render it essentially at home" in the state." *Easter v. Am. W. Fin.*, 381 F.3d 948, 960-61 (9th Cir. 2004). "Put another way, a defendant must not only step through the door, it must also sit down and make itself at home. *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1169 (9th Cir. 2006).

This is an exacting standard, because, as the Ninth Circuit explains, "a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Id.* (citation omitted). "Factors to be taken into consideration are whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).

"The general jurisdiction inquiry does not focus solely on the magnitude of the defendant's in-state contacts." *Daimler AG v. Bauman*, 571 U.S. 117 139, n.20 (2014). In-state business does not suffice to permit the assertion of general jurisdiction over claims that are unrelated to any activity occurring in Washington. *Tyrell*, 137 S.Ct. at 1559. Occasional sales to residents of the forum state are insufficient to create general jurisdiction. *See Brand v. Menlove Dodge*, 796 F.2d

**ORDER GRANTING DEFENDANT'S MOTON TO DISMISS; CLOSING FILE** ~ 7

1070, 1073 (9th Cir. 1986). The due process constraints apply to all assertions of general jurisdiction over nonresident defendants; the constraint does not vary with the type of claim asserted or business enterprise sued. *Tyrell*, 137 S.Ct. at 1558-59.

In order to establish specific jurisdiction over Defendant, Plaintiff must show that Defendant purposely established significant contacts with Washington and that the action arises out of or is related to those contacts. *Burger King Corp.*, 471 U.S. at 471-73. Washington law requires that in order to establish specific jurisdiction over Defendant, Plaintiff must show three factors: (1) Defendant must have purposefully done some act or consummated some transaction in Washington; (2) Plaintiff's cause of action must arise from, or be connected with, such act or transaction; and (3) the exercise of jurisdiction must be reasonable in that it must not offend traditional notions of fair play and substantial justice. *See* Wash. Rev. Code 4.28.185(1)(a); *Failla v. FixtureOne Corp.*, 181 Wash. 2d 642, 650 (2014) (citations omitted).

Here, Plaintiffs have not shown, nor can they show that the Court has personal jurisdiction over Defendant. It is undisputed that Defendant does no business in Washington. As such, Defendant has no contacts with Washington to meet the requirement for general jurisdiction. Similarly, Plaintiffs cannot show specific personal jurisdiction over Defendant. Plaintiffs have not alleged that Defendant took any action in Washington that is tied to their causes of action. It appears from the Complaint that the only relation Defendant has to Washington is the fact that Plaintiffs sought medical care in New York, then went back to their home in Washington. This is not sufficient under the law of Washington or the U.S. Constitution for this Court to have personal jurisdiction over Defendant.

Because the Court does not have personal jurisdiction over Defendant, it declines to address its remaining arguments. The above-captioned case is dismissed, without prejudice. *See* Fed. R. Civ. P. 4(m); *Grigsby v. CMI Corp.*, 765 F.2d 1369, 1372 n.5 (9th Cir. 1985).

**ORDER GRANTING DEFENDANT'S MOTON TO DISMISS; CLOSING FILE ~ 8**

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiffs' Motion for Summary Judgment, ECF No. 7, is **DENIED.**

2. Defendant's Motion to Dismiss Pursuant to FRCP 12 and FRCP4, ECF No. 9, is **GRANTED**.

3. The above-captioned matter is **DISMISSED**, without prejudice.

**IT IS SO ORDERED**. The District Court clerk is hereby directed to enter this Order, provide copies to pro se Plaintiffs and counsel, and close the file.

**DATED** this 22nd day of February 2022.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING DEFENDANT'S MOTON TO DISMISS; CLOSING FILE ~ 9**